UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROY W. KEITH, )
    Plaintiff, )
)
V. ) NO. 2:09-CV-297
)
AERUS, LLC, and )
DBG GROUP INVESTMENT, LLC, )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the "Defendants' Rule 12(b)(6) Motion to Dismiss," [Doc. 6]. The plaintiff has responded to the defendants' motion, [Doc. 8], and defendants have replied, [Doc. 12]. Also pending before the Court is "Plaintiff's Motion To Strike" the reply of defendants, [Doc. 13] for impermissibly raising new arguments in violation of the Court's Local Rule 7.1. Defendants have responded in opposition to that motion, [Doc. 16], and plaintiff has replied, [Doc. 18]. All matters are now ripe for disposition. For the reasons which follow, the motion to strike, [Doc. 13], will be GRANTED IN PART and DENIED IN PART and the motion to dismiss, [Doc. 6], will be GRANTED IN PART and DENIED IN PART..

**I.    Procedural History**

The plaintiff, Roy W. Keith ("Keith"), filed his complaint herein on December 23, 2009, alleging that defendants, Aerus, LLC ("Aerus") and DBG Group Investment, LLC ("DBG") "tortiously and intentionally interfered with, and induced the breach of," Keith's Employment Agreement with EcoQuest Holding Company, [Doc. 1]. On February 4, 2010, the defendants filed an answer and counter-complaint, [Doc. 5], and, on the same day, filed the pending motion to

dismiss, [Doc. 6]. Keith then responded to the motion on February 16, 2010, and filed, on the same day, his first motion to amend his complaint, [Doc. 10]. The motion to amend was granted by order of the Magistrate Judge on March 5, 2010, [Doc. 14] [1] and the amended complaint was filed by Keith on March 8, 2010, [Doc. 15][2]. As set forth above, prior to the filing of the amended complaint, plaintiff filed, on March 13, 2010, a motion to strike the reply brief of defendants, [Doc. 13]. On March 9, 2010, the defendants responded in opposition, [Doc. 16] and on March 11, 2010, plaintiff replied, [Doc. 18]. On March 10, 2010, defendants filed a motion to stay discovery pending resolution of the motion to dismiss, [Doc. 17]. Plaintiff responded in opposition on March 11, 2010, [Doc. 19] and the Magistrate Judge granting the motion to stay discovery pending resolution of the dispositive motion on March 11, 2010, [Doc. 21].

As an initial matter, the defendant has not renewed its motion to dismiss after the filing of the amended complaint. Plaintiff suggests that the failure to renew the motion has rendered the motion to dismiss moot because the original complaint has superseded and nullified the filing of the original complaint. The plaintiff may be technically correct; however, the defendants clearly signaled their intention to pursue the motion to dismiss when they filed their motion to stay

---

[1] The Magistrate Judge's order permitting the filing of the amended complaint recites that defendants had not responded in opposition to the motion. It is correct that defendants had not filed a separate pleading in opposition, as they should have; however, their response in opposition to the motion to amend the complaint is contained within their reply to plaintiff's response to the motion to dismiss. Even if the response of defendants had been called to the Magistrate Judge's attention, he was well within his rights to ignore the response which was "buried" in the body of a separate pleading. In any event, defendants did not appeal the order of the Magistrate Judge.

[2] So far as this Court can tell, the only difference between the amended complaint and the original complaint is one sentence which was not in the original complaint. That sentence appears in paragraph 9 of the amended complaint and reads as follows: The acquisition of substantially all of the assets of Company by DBG, at the direction of Aerus, prevented Company from being able to perform the agreement as to Keith in any way."

2

discovery pending resolution of the motion to dismiss by the district judge. That filing, as set forth above, was made two days after the filing of the amended complaint. And, although plaintiff opposed the discovery stay, plaintiff did not raise the argument that the motion had been rendered moot, which would have been the appropriate place to raise the argument.[3] Given that defendants have clearly signaled their intention to pursue the motion to dismiss, the Court will treat the motion as one to dismiss the amended complaint and decide it on that basis. Such a course of action also furthers the interests of minimizing the expense to the parties involved in this litigation and promotes judicial economy.

## II.     The Complaint's Allegations

The following is taken from the amended complaint and is accepted by the Court as true for the purpose of deciding the instant motion.

On September 8, 2008, Keith entered into an Employment Agreement with EcoQuest Holding Company and several of its subsidiaries and related entities (hereinafter referred to collectively as "EcoQuest"). EcoQuest, engaged in the business of selling air purification devices, water purification systems, nutritional supplements and related items, employed Keith as its in-house attorney. Pursuant to the Employment Agreement, Keith was employed for a term of nine (9) years and EcoQuest agreed to condition any future sale or disposition of "substantially all of the assets" of EcoQuest upon assumption of the Employment Agreement by the purchaser or transferee.

In 2009, DBG, a limited liability company, was formed by Aerus to acquire substantially all

---

[3] Plaintiff addressed the issue with one sentence in his four page response to the motion: "Contrary to Defendants' representations, there is no dispositive motion pending and, when there was one, . . ." Plaintiff does not develop the argument and this passing reference is not sufficient to put the Magistrate Judge on notice of Plaintiff's argument. Even if the Magistrate Judge were, however, aware of the argument, he rejected it in his order to stay discovery "pending the resolution of the dispositive motion by the District Judge." Plaintiff did not appeal from the Magistrate Judge's order.

of the assets of EcoQuest. Prior to the acquisition, Keith provided Carl Christoff, President of both Aerus and DBG, with a copy of the Employment Agreement and called his attention to the relevant provisions of the Employment Agreement. DBG, however, refused to assume the Employment Agreement when it purchased the assets of EcoQuest, "thereby necessarily causing [EcoQuest] to breach" the Employment Agreement.

The acquisition of the assets of EcoQuest "by DBG, at the direction Aerus, prevented [EcoQuest] from being able to perform" its obligation to Keith under the Employment Agreement. Keith alleges that DBG and Aerus "acted willfully and intentionally in inducing" EcoQuest to breach the Employment Agreement, and "with the intent to deprive Keith of the benefits" of the Employment Agreement. He further alleges that DBG's purchase of the assets of EcoQuest without an assumption of the Employment Agreement caused EcoQuest to breach the Employment Agreement with Keith. Keith seeks treble compensatory damages and punitive damages.

## III. The Motion to Dismiss

The defendants argue that Keith's complaint[4] fails to allege facts to support each of the seven elements of a claim for tortious interference/inducement to breach the Employment Agreement. More specifically, Aerus and DBG argue that the factual allegations of the complaint as to defendants' intent to induce a breach of contract and proximate causation, *i.e.* that either of the defendants actually did induce a breach of the contract, are deficient.

## IV. Applicable Legal Standard

The court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to

---

[4] References to the complaint mean the amended complaint.

4

test the sufficiency of the complaint–not to decide the merits of the case. It is well established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim. Instead, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, - - - U.S. - - -, - - -, 129 S. Ct. 1937, 1950, (2009). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id*. The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The plausibility requirement is not the same as a "probability requirement" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Examining whether a complaint states a plausible claim for relief is a "context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well–pleaded allegations in the complaint as true. See *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *see also Iqbal*, 129 S. Ct. at 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine

5

whether they plausibility give rise to an entitlement to relief."). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 129 S. Ct. at 1950.

## V.     Analysis and Discussion

### 1.     The Motion to Strike

As set forth above, plaintiff has moved the Court to strike the defendants' reply to plaintiff's response to the motion to dismiss or, alternatively, grant Keith leave to file a surreply. Keith argues that the defendants have raised, for the first time in their response, new arguments in violation of Local Rule 7.1. Keith's motion basically raises two arguments: (1) That defendants argue in their response that Keith has failed to sufficiently allege facts to support the malice element of his claim and that malice is an entirely separate element of the tort at issue; and (2) that defendants have cited certain case law in their response which Keith believes to be inapplicable to the issue pending before the Court.

With respect to the claims made by the defendants as to "malice" in their responsive brief, plaintiff appears to be correct. The issue of failure to plead malice with sufficient specificity was not raised in the motion to dismiss and the portions of plaintiff's responsive brief dealing with malice will be STRICKEN. With respect to the other arguments raised by Keith, his motion will be DENIED. It appears to the Court that the defendants have, in their response, simply responded to the points and authorities raised in Keith's response, rather than arguing new issues. The fact that defendants have cited additional case law does not amount to the raising of new arguments. Furthermore, to the extent Keith seeks to file a surreply, that is unnecessary because Keith has essentially replied to those arguments in his motion to strike. In addition, the Court is perfectly

whether they plausibility give rise to an entitlement to relief."). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 129 S. Ct. at 1950.

## V.     Analysis and Discussion

### 1.     The Motion to Strike

As set forth above, plaintiff has moved the Court to strike the defendants' reply to plaintiff's response to the motion to dismiss or, alternatively, grant Keith leave to file a surreply. Keith argues that the defendants have raised, for the first time in their response, new arguments in violation of Local Rule 7.1. Keith's motion basically raises two arguments: (1) That defendants argue in their response that Keith has failed to sufficiently allege facts to support the malice element of his claim and that malice is an entirely separate element of the tort at issue; and (2) that defendants have cited certain case law in their response which Keith believes to be inapplicable to the issue pending before the Court.

With respect to the claims made by the defendants as to "malice" in their responsive brief, plaintiff appears to be correct. The issue of failure to plead malice with sufficient specificity was not raised in the motion to dismiss and the portions of plaintiff's responsive brief dealing with malice will be STRICKEN. With respect to the other arguments raised by Keith, his motion will be DENIED. It appears to the Court that the defendants have, in their response, simply responded to the points and authorities raised in Keith's response, rather than arguing new issues. The fact that defendants have cited additional case law does not amount to the raising of new arguments. Furthermore, to the extent Keith seeks to file a surreply, that is unnecessary because Keith has essentially replied to those arguments in his motion to strike. In addition, the Court is perfectly

capable of determining whether Indiana case law cited by the defendants has any application to this case without additional argument from Keith. For these reasons, the motion to strike with respect to the arguments raised in the reply brief which do not deal with the "malice" question will be GRANTED and the motion to file a surreply reply is DENIED.

  **2.**  **The Motion to Dismiss**

Although the parties hereto cite case law from jurisdictions other than Tennessee and quibble about the exact elements of the tort of tortious interference/inducement to breach contract, the elements of such tort are quite clear under Tennessee law. In order to prevail on such a claim, plaintiff must show: "(1) that there was a legal contract; (2) that the defendant knew of the existence of the contract; (3) that the defendant intended to induce a breach of the contract; (4) that the defendant acted maliciously; (5) that the contract was actual breached; (6) that the defendant's acts were the proximate cause of the breach; and (7) that the plaintiff suffered damages resulting from the breach." *Lee v. State Volunteer Mut. Ins. Co.*, 2005 WL 123492 (Tenn Ct. App. 2005) (unreported) (citing *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc*., 13 S.W.3d 343, 359 (Tenn. Ct. App. 1999); *Dynamic Motel Mgmt., Inc. v. Erwin*, 528 S.W.2d 819, 822 (Tenn. Ct. App. 1975)).

The elements of both a common law claim under Tennessee law and a statutory claim pursuant to Tennessee Code Annotated § 47-50-109 are the same, except that the statutory claim allows for treble damages. *Cambio Health Solutions, LLC v. Reardon*, 234 Fed. App'x 331, 335-36(6th Cir. 2007). The parties appear to agree on this much–the complaint must allege facts, not just legal conclusions, sufficient "to state a claim for relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

7

### A. Intent (as to Aerus)

As an initial matter, Aerus argues that the complaint contains no factual allegation to "support the assertion that Aerus intended to cause a breach of the Employment Agreement." The facts alleged with regard to Aerus are that Aerus created DBG to acquire the assets of EcoQuest; that Aerus was aware of the Employment Agreement; that DBG acquired the assets of EcoQuest "at the direction of Aerus, preventing EcoQuest from being able to perform its agreement with Keith;" and that "Aerus [Defendants] refuse to assume the Employment Agreement when it purchased the EcoQuest assets." Except for these allegations that Aerus "created" DBG and directed it to acquire EcoQuest assets, there are no other allegations of Aerus involvement in the EcoQuest transactio

The plaintiff responds in opposition that the motion in this respect should be overruled because Aerus has not offered legal authority for its argument; that a motion to dismiss is not the appropriate vehicle for resolving a question about intent "when courts have repeatedly stated that even summary judgment is generally not appropriate as to matters of intent;" that plaintiff is required to prove only general intent, not specific intent; and that Aerus had specific knowledge of Keith's Employment Agreement and knew that its action would cause a breach. Keith argues that "all [he] needs to allege are facts to plausibly show that Aerus was substantially certain that its acts would cause Company (EcoQuest) to breach the Employment Agreement."

Keith relies heavily on the 2008 decision of the Tennessee Court of Appeals in *Hanger Prosthetics & Orthotics East, Inc. v. Kitchens*, 280 S.W.3d 192 (Tenn. Ct. App. 2008). That case involved the validity of a covenant not to compete. Kitchens, an employee of Hanger, had entered into a covenant not to compete with his employer. After Kitchens quit, he began working for a competitor of Hanger. Hanger sued the former employee for breach and his new employer

(Choice) for inducement to breach the covenant.

The trial court awarded treble damages and the new employer challenged the treble damages award on appeal, arguing that the evidence did not "clearly" show either that it intended to induce a breach of the covenant or malicious intent. The Court of Appeals rejected the argument, finding that the facts at trial established, among other things, that the new employer hired the employee away from the former "with full knowledge of the covenant," that the new employee had the intent to take advantage of the relationships Kitchens had established through his employment with Hanger, and that "Choice's intent was fully and successfully realized when $377,502.00 in gross revenue was directed from Hanger to Choice as a result." *Id*. at 206.

Not only does plaintiff incorrectly refer to the *Hanger* decision as one from the Tennessee Supreme Court (it is a Tennessee Court of Appeals decision), the case does not stand for the proposition advanced by plaintiff– *i.e*. that knowledge alone by defendant is sufficient to show intent and malice. It may be a factor relevant to the question of intent, but simple knowledge of the contract cannot be automatically equated with intent to induce a breach. What plaintiff must allege is plausible facts to show an intent to **induce** a breach. He has not done that here. No factual allegations are made which establish the intent of Aerus to induce a breach of Keith's contract by EcoQuest. That becomes fully obvious when one looks to the elements of the tort. In order to prevail, as set forth above, plaintiff must prove **both** knowledge of the contract **and** intent to induce as separate elements. And plaintiff must allege facts which, if true, would establish each of the elements. An allegation that defendants had knowledge of the contract and knowledge that their actions would result in a breach of contract is an insufficient factual allegation to establish both the knowledge and intent elements of the tort.

9

There is one other issue the Court needs to address and that is plaintiff's argument that it would be improper for the Court "to dismiss a complaint under Rule 12(b)(6) for a presumed failure to plead intent when our courts have repeatedly stated that even summary judgment is generally not appropriate as to matters of intent," [Doc. 8, p. 3]. Plaintiff's argument represents a fundamental mixing of apples and oranges. With a Rule 12(b)(6) motion, the question is whether or not plaintiff has pleaded facts which, if true, establish the intent element of the tort of tortious interference. This is a far different question from one which exists at the summary judgment stage as to whether or not a factual dispute in the record regarding the party's intent should be resolved through summary judgment. Plaintiff correctly argues that, as a general rule, issues regarding intent are traditionally understood to be matters for the trier of fact. *United States v. Cello-Foil Prods., Inc.*, 100 F.3d 1227, 1234 (6th Cir. 1996). The cases relied upon by the plaintiff that summary judgment is not an appropriate vehicle through which to resolve disputed factual issues concerning the party's intent, however, have no bearing on the question of whether or not a plaintiff has pleaded facts which, if true, establish a defendant's intent. This argument is wholly without merit.

For the reasons set forth above, the motion of Aerus to dismiss is GRANTED.

### B.     Proximate Cause (as to DBG)

Next, DBG argues that plaintiff's complaint does not allege sufficient facts to establish that defendants' conduct was the proximate cause of the alleged breach of the contract between Keith and EcoQuest. DBG relies primarily on *Davidson & Jones Development Co. v. Elmore Development Co., Inc*., 921 F.2d 1343 (6th Cir. 1991). DBG's discussion of the *Davidson & Jones* case, however, is woefully inadequate and appears to misstate the holding in the case. Keith, on the other hand, has, as DBG argues, filled his response with conclusory phrases which do not directly

address the issue raised by DBG. In addition, Keith's discussion of the *Davidson & Jones* decision is likewise woefully inadequate and also misstates certain aspects of the holding of the Sixth Circuit. For instance, Keith almost nonsensically argues that the Sixth Circuit never decided whether Tennessee or North Carolina law applied in *Davidson & Jones,* but a review of the Sixth Circuit decision reveals that the Sixth Circuit simply declined to determine which state's law applied because the result was the same under either state's law. Beyond that, Keith's discussion of *Davidson & Jones* is contained in two short sentences. As a result, DBG's motion to dismiss will be DENIED WITHOUT PREJUDICE to its refiling.

If DBG chooses to do so, it may refile its motion to dismiss within twenty-one (21) calendar days of the entry of this Court's order. If the motion is refiled, it must be accompanied by a memorandum which thoroughly sets forth its argument with appropriate case citations. If DBG refiles its motion, Keith will have twenty-one (21) calendar days from the date of the filing of the motion to respond. No replies or surreplys will be permitted. If DBG chooses not to refile its motion, the discovery stay previously ordered by the Magistrate Judge will be lifted and the case will proceed in an orderly fashion.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE