UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ROY W. KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-297 |
| | ) | |
| DBG GROUP INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This tortious interference claim is before the Court on Defendant DBG Group Investments, LLC's ("DBG") Motion to Dismiss the Amended Complaint, [Doc. 26], pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendant raises three issues: the Amended Complaint fails to allege (1) that DBG intended to cause a breach of plaintiff's employment agreement; (2) that DBG in fact did cause a breach of the employment agreement; and (3) that DBG acted with malice. For the reasons stated below, the defendant's motion is **GRANTED**.

This Court previously set forth the facts in detail in its September 29, 2010 Memorandum Opinion and Order, [Doc. 25], and will not do so again. Since the entry of that Order, the only action in the case was the filing of the instant motion and filings related thereto.

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, – U.S. –, –, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Moreover, this Court need not "'accept as true a

legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

As stated above, the defendant moves to dismiss, arguing that the Amend Complaint fails to state a claim for tortious interference/inducement to breach a contract pursuant to Tennessee law. In order to prevail on such a claim, plaintiff must show: "(1) that there was a legal contract; (2) that the defendant knew of the existence of the contract; (3) that the defendant intended to induce a breach of the contract; (4) that the defendant acted maliciously; (5) that the contract was actually breached; (6) that the defendant's acts were the proximate cause of the breach; and (7) that the plaintiff suffered damages resulting from the breach." *Lee v. State Volunteer Mut. Ins. Co.*, 2005 WL 123492 (Tenn. Ct. App. 2005) (unreported) (citing *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343, 359 (Tenn. Ct. App. 1999); *Dynamic Motel Mgmt., Inc. v. Erwin*, 528 S.W.2d 819, 822 (Tenn. Ct. App. 1975)).

First, the defendant focuses his argument on elements three and six, and the defendant relies upon *Davidson & Jones Development Company v. Elmore*

-3-

*Development Company*, 921 F.2d 1343 (6th Cir. 1991), for support. The plaintiff, of course, argues to the contrary and relies upon a comment to the Restatement (Second) of Torts and *AmeriGas Propane, Inc. v. Crook*, 844 F.Supp. 379, 388-89 (M.D. Tenn. 1993). In addition, the plaintiff attempts to distinguish *Davidson & Jones*.

This Court concludes that *AmeriGas* is not on point for several reasons and is distinguishable. Moreover, the Court finds that *Davidson & Jones* is on point. Thus, it will rely on *Davidson & Jones* in its analysis of this issue.

The defendant adequately set forth the facts and summarized the analysis and holding of *Davidson and Jones* in its Memorandum in Support of the Motion to Dismiss, [Doc. 27], and this Court will not rehash such explanation here. In short summary, the Court in *Davidson & Jones* decided "whether the alleged breach of the Assignment Agreement and [plaintiff's] post-agreement negotiations support the appellants' claims that [the plaintiff] intentionally induced or persuaded the breach of their agreements with third parties." *Id*. at 1354, 1355. The court focused on the "key element" in interference cases, which is "defendant's intentional act to induce or persuade a third party to breach its contract with the plaintiff or . . . to prevent formation of a proposed contract between a plaintiff and a third party by arbitrarily withholding its consent." *Id*. at 1355-56. The Sixth Circuit concluded that there was no evidence of intentional inducement, especially where the plaintiff "did not act to

prevent the appellants from independently completing their own contracts." *Id.* at 1356. The appellants still could have honored their contracts by pursuing other options. *Id.*

Similarly, EcoQuest could have fulfilled its obligations to the plaintiff under its Employment Agreement pursuant to Sections 4.F and 5.B by paying the plaintiff compensation for the remainder of the expired term. The plaintiff argues that because DBG "stripped Keith's former employer EcoQuest of substantially all of its assets," it was unable to make the plaintiff whole, i.e. pay the remainder of the expired term. [Doc. 30, page 7]. The plaintiff further argues in its Response that the defendant structured the transaction to assure that a large number of EcoQuest's creditors would not have access to EcoQuest's funds. However, no such allegations were made in the Amended Complaint. Moreover, there are no factual allegations to support such conclusory statements in the Amended Complaint. It merely alleges, "The acquisition of substantially all of the assets of Company by DBG, at the direction of Aerus, prevented Company from being able to perform the agreement to Keith in any way." [Doc. 15, ¶ 9]. Plaintiff also argues that DBG's acquisition of EcoQuest without assumption of plaintiff's Employment Agreement, but with knowledge of said agreement, is also proof of intent. However, as this Court stated in the dismissal of Aerus, "[a]n allegation that defendants had knowledge of the contract and knowledge

that their actions would result in a breach of contract is an insufficient factual allegation to establish both the knowledge and intent elements of the tort." [Doc. 25, page 9].

Finally, the plaintiff states in the Response, "It is sufficient to satisfactorily plead the element of intent–and of malice–to plead substantial certainty and to reserve more specific factual allegations to those which can be confirmed in discovery." [Doc. 30, page 7]. However, this is not the case according to *Iqbal*. *Iqbal* states, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Similar to the situation in *Davidson & Jones*, the plaintiff has failed to do so in this case.

As such, the defendant's Motion to Dismiss, [Doc. 26], is **GRANTED**.[1] The Amended Complaint is hereby **DISMISSED**.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

---

[1] This Court need not reach the malice issue, for it has determined dismissal is appropriate on the third and sixth element of tortious interference.